**NOT FOR PUBLICATION**

JUL 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALBERTO MARTINEZ DOMINGUEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71023 <br><br> Agency No. A072-130-553 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Carlos Alberto Martinez Dominguez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Martinez Dominguez failed to establish it is more likely than not he will be tortured if returned to Guatemala. *See Santos-Lemus,* 542 F.3d at 747-48.

With respect to his asylum and withholding of removal claims, Martinez Dominguez claims he will be persecuted, in part, on his willingness to testify to war crimes in Guatemala. Substantial evidence supports the agency's conclusion that Martinez Dominguez failed to establish a well-founded fear of future persecution on the basis that he would be willing to testify to war crimes because Martinez Dominguez has not been asked to be a witness, he does not know of any war crimes tribunals addressing circumstances that occurred in his area, and he does not know anyone who has been asked to testify. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Additionally, we lack jurisdiction to consider Martinez Dominguez' argument that

he is a member of a disfavored group because petitioner did not raise this claim to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Martinez Dominguez also claims he suffered past persecution through the harm his family experienced. In rejecting this claim, the BIA concluded, in part, that Martinez Dominguez failed to establish his grandfather was targeted on account of a protected ground. Through his declaration and testimony, however, Martinez Dominguez indicated that the Guatemalan government kidnapped and tortured his grandfather on suspicion of harboring guerillas. Substantial evidence does not support the BIA's finding, because the evidence shows that Martinez Dominguez' grandfather was targeted, at least in part, on account of his imputed political opinion. *See Ratnam v. INS*, 154 F.3d 990, 995 (9th Cir. 1998) (in the absence of evidence of a legitimate prosecutorial purpose for a government's harassment of a person, a presumption arises that the motive for harassment is political).

Accordingly, we remand for the BIA to assess Martinez Dominguez' asylum and withholding of removal claims in light of this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

10-71023

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**